915 So.2d 592 (2005)
In re AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.
No. SC05-1303.
Supreme Court of Florida.
November 17, 2005.
Alan Abramowitz, Chair, Juvenile Court Rules Committee, Daytona Beach, FL and Jonn F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Juvenile Court Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure to conform the rules to recent legislation.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(e).
Under the Committee's "fast-track" procedure for considering new legislation, the Committee proposes amendments to existing rules 8.010 (Detention Hearing); 8.013 (Detention Petition and Order); and 8.415 (Judicial Review of Dependency Cases); and existing forms 8.929 (Detention Order); 8.947 (Disposition Order  Delinquency); and 8.970 (Order on Judicial Review). The Committee also proposes new rule 8.355 (Administration of Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained); and new forms 8.973 (Order on Judicial Review for Child Age 17 or Older); and 8.974 (Petition to Extend or Reinstate Court's Jurisdiction). The Executive Committee of The Florida Bar Board of Governors approved the proposed amendments by a vote of 10-0. In order to expedite the adoption of the proposed amendments, the Court did not publish the amendments prior to considering them. However, the Committee published the proposals in the August 1, 2005, edition of The Florida Bar News, indicating in its report that it would forward any comments received to the Court. No comments have been forwarded.
After considering the Committee's proposals and reviewing the relevant legislation, we amend the Rules of Juvenile Procedure as proposed by the Committee and reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. However, because the Court did not publish the amendments for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
*593 PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 8.010. DETENTION HEARING
(a)(e) [No Change]
(f) Issues. At this hearing the court shall determine the following:
(1)(2) [No Change]
(3)The need to release the juvenile from detention and return the child to the child's nonresidential commitment program.
(g) [No Change]

RULE 8.013. DETENTION PETITION AND ORDER
(a)(b) [No Change]
(c) Order. The detention order shall:
(1)(3) [No Change]
(4)order that the child shall be held in detention and state the reasons therefore;, or, if appropriate, order that the child be released from detention and returned to his or her nonresidential commitment program;
(5)(9) [No Change]

RULE 8.355. ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO A CHILD IN SHELTER CARE OR IN FOSTER CARE WHEN PARENTAL CONSENT HAS NOT BEEN OBTAINED
(a) Motion for Court Authorization for Administration of Psychotropic Medications.
(1) Whenever the department believes that a child in its physical or legal custody requires the administration of a psychotropic medication, and the child's parents or legal guardians have not provided express and informed consent as provided by law, the department or its agent shall file a motion with the court to authorize the administration of the psychotropic medication before the administration of the medication, except as provided in subdivision (c) of this rule. In all cases in which a motion is required, the motion shall include the following information:
(A) The written report of the department describing the efforts made to enable the prescribing physician to obtain express and informed consent for providing the medication to the child and describing other treatments considered or recommended for the child; and
(B) The prescribing physician's signed medical report, as required by law.
(2) The department must serve a copy of the motion, and notify all parties of its proposed administration of psychotropic medication to the child in writing, or by whatever other method best ensures that all parties receive notification of the proposed action, within 48 hours after filing the motion for court authorization.
(3) If any party objects to the proposed administration of the psychotropic medication to the child, that party must file its objection within 2 working days after being notified of the department's motion.
(b) Court Action on Department's Motion for Administration of Psychotropic Medication.
(1) If no party timely files an objection to the department's motion, the court may enter its order authorizing the proposed *594 administration of the psychotropic medication without a hearing. Based on its determination of the best interests of the child, the court may order additional medical consultation or require the department to obtain a second opinion within a reasonable time, not more than 21 calendar days. When the court orders an additional medical consultation or second medical opinion, the department shall file a written report including the results of this additional consultation or a copy of the second medical opinion with the court within the time required by the court, and shall serve a copy of the report as required by subdivision (a)(2) of this rule.
(2) If any party timely files its objection to the proposed administration of the psychotropic medication to the child, the court shall hold a hearing as soon as possible on the department's motion.
(A) At such hearing, the medical report of the prescribing physician is admissible in evidence.
(B) At such hearing, the court shall ask the department whether additional medical, mental health, behavioral, counseling, or other services are being provided to the child that the prescribing physician considers to be necessary or beneficial in treating the child's medical condition, and which the physician recommends or expects to be provided to the child with the medication.
(C) The court may order additional medical consultation or a second medical opinion, as provided in subdivision (b)(1) of this rule.
(D) After considering the department's motion and any testimony received, the court may order that the department provide or continue to provide the proposed psychotropic medication to the child, on a determination that it is in the child's best interest to do so.
(c) Emergency Situations.
(1) Shelter Care. When a child is initially removed from the home and taken into custody under section 39.401, Florida Statutes, and the department continues to administer a current prescription of psychotropic medication to the child, the department shall request court authorization for the continued administration of the medication at the shelter hearing. This request shall be included in the shelter petition.
(A) The department shall provide all information in its possession to the court in support of its request at the shelter hearing. The court may authorize the continued administration of the psychotropic medication only until the arraignment hearing on the petition for adjudication, or for 28 days following the date of the child's removal, whichever occurs first.
(B) When the department believes, based on the required physician's evaluation, that it is appropriate to continue the psychotropic medication beyond the time authorized by the court at the shelter hearing, the department shall file a motion seeking continued court authorization at the same time as it files the dependency petition, within 21 days after the shelter hearing.
(2) When Delay Would Cause Significant Harm. Whenever the department believes, based on the certification of the prescribing physician, that delay in providing the prescribed psychotropic medication to the child would, more likely than not, cause significant harm to the child, the department must submit a motion to the court seeking continuation of the medication within 3 working days after the department begins providing the medication to the child.
(A) The motion seeking authorization for the continued administration of the *595 psychotropic medication to the child shall include all information required in subdivision (a)(1) of this rule. The required medical report must also include the specific reasons why the child may experience significant harm, and the nature and the extent of the potential harm, resulting from a delay in authorizing the prescribed medication.
(B) The department shall serve the motion on all parties within 3 working days after the department begins providing the medication to the child.
(C) The court shall hear the department's motion at the next regularly scheduled court hearing required by law, or within 30 days after the date of the prescription, whichever occurs sooner. However, if any party files an objection to the motion, the court shall hold a hearing within 7 days.
(3) In Emergency Psychiatric Placements. The department may authorize the administration of psychotropic medications to a child in its custody in advance of a court order in hospitals, crisis stabilization units, and in statewide inpatient psychiatric programs. Should the department do so, it must seek court authorization for the continued administration of the medication as required in subdivision (a) of this rule.

RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a)(e) [No change]
(f) Court Action.
(1)(7) [No change]
(8) If a youth in the legal custody of the department immediately before his or her 18th birthday petitions the court at any time before his or her 19th birthday requesting the court's continued jurisdiction, the court may retain or reinstate jurisdiction for a period of time not to continue beyond the date of the youth's 19th birthday. This continued jurisdiction is for the purpose of determining whether appropriate aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability services have been provided to the youth.
(9) If a petition for special immigrant juvenile status and an application for adjustment of status have been filed on behalf of a foster child and the petition and application have not been granted by the time the child reaches 18 years of age, the court may retain jurisdiction solely for the purpose of allowing the continued consideration of the petition and application by federal authorities. Review hearings shall be set solely for the purpose of determining the status of the petition and application. The court's jurisdiction shall terminate on the final decision of the federal authorities, or on the immigrant child's 22nd birthday, whichever occurs first.
(810) The court shall enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.
(g) [No Change]

Committee Notes

[No Change]

FORM 8.929. DETENTION ORDER

DETENTION HEARING ORDER
Pick up order for absconding from:
..... home detention
..... probation
..... commitment
..... other: ..................
Present before the court:
..... the child;
*596 ..... .....(name)....., Assistant State Attorney;
..... .....(name)....., Assistant Public Defender/defense attorney;
..... .....(name)....., parent/legal guardian;
..... .....(name)....., DJJ juvenile probation officer;
..... .....(name)....., Department of Children and Family Services
..... .....(name)....., guardian ad litem
DJJ Supervision status:
..... None
..... Home detention
..... Probation
..... Committed to ..... level
..... CINS/FINS
..... Conditional release
 Other court involvement:
 Dependency: ..... Yes ..... No ..... Unknown
 Domestic relations: ..... Yes ..... No ..... Unknown
 Domestic violence: ..... Yes ..... No ..... Unknown
Domestic violence: ..... Yes ..... No..... Unknown
The court finds that the child was taken into custody at ..... a.m./p.m., on.....(date)......
Probable cause that the child committed delinquent acts was:
.... found.
..... not found.
..... reset within 48 hours of custody.
Risk assessment instrument (RAI) score:.......... Score amended to:..........
..... Meets detention criteria.
IT IS ORDERED that the above-named child be:
..... released to the custody of.....(name)......
..... held in secure detention for domestic violence charge under section 985.213(2)(b)3, Florida Statutes. The court finds:
.....respite care is not available for the child; and
.....it is necessary to place the child in secure detention to protect the victim from injury.
.....detained by the Department of Juvenile Justice in
.....home detention.
.....home detention with electronic monitoring.
.....secure detention.
with the following special conditions:
.....attend school regularly.
.....attend evaluation as follows:
..... physical.
..... psychological.
..... ADM.
..... other ....................
.....no (..... harmful) contact with.....(name)......
.....drug testing.
.....no drug and alcohol use.
.....other: ....................
.....released from detention and returned to the child's nonresidential commitment program.
Reasons for court ordering more restrictive placement than RAI score:....................
It is FURTHER ORDERED that unless an adjudicatory hearing has begun or a *597 subsequent modification order is entered, the child shall be released no later than 5:00 p.m. on .....(date)..... to.....(name(s))....., who is/are
.....the parent(s)
.....a relative
.....foster care
..... .......... program
..... .....him/her..... self
.....other ....................
IT IS FURTHER ORDERED under section 985.2311, Florida Statutes
.....The parent/guardian of the child,.....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $5 per day for each day the juvenile is in secure detention.
.....The parent/guardian of the child,.....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $1 per day for each day the child is in home detention.
.....The parent/guardian of the child,....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, a REDUCED rate of $..... per day for each day the child is in detention status. This reduced fee is based on the courts finding
.....that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or
.....of indigency or significant financial hardship. The facts supporting this finding are:
....................
.....The parent/guardian of the child,.....(name)....., .....(address)....., shall be liable for .....% of the payment. The parent/guardian of the child,.....(name)....., .....(address)....., shall be liable for .....% of the payment.
.....The .....supervision fee/cost of care..... is WAIVED based on the court's finding
.....that the parent/guardian was the victim of the delinquent act or violation of law for which the child is currently detained and is cooperating in the investigation of the offense; or
.....of indigency or significant financial hardship. The facts supporting this finding are:
....................
If the child's case is dismissed or if the child is found not guilty of the charges or court order, then the parent/guardian shall not be liable for fees under this order.
Unless modified by subsequent notice, the NEXT COURT APPEARANCE:
.....will be at .....(time)..... on.....(date)..... at .....(location).......
.....is to be set.
Note: The child's parent/legal guardian shall advise Clerk's Office and DJJ of any address change.
.....Department of Juvenile Justice shall transfer the child to.................... Detention Center.
..... Other: ....................
DONE AND ORDERED in................. County, Florida at.......... a.m./p.m. on .....(date).....
 ___________
 Circuit Judge
Copies to: ....................

FORM 8.947.DISPOSITION ORDER  DELINQUENCY

DISPOSITION ORDER
A petition was filed on .....(date)....., alleging .....(name)....., ..... age, to *598 be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
..... the child;
..... .....(name)....., Assistant State Attorney;
..... .....(name)....., Assistant Public Defender/defense attorney;
..... .....(name)....., guardian;
..... .....(name)....., DJJ juvenile probation officer.
At the hearing on .....(date)....., after.....entry of a plea/an adjudicatory hearing....., the child was found to have committed the delinquent acts listed below:
 Count Count Count Count
 Charge ...... ...... ...... ......
 Lesser ...... ...... ...... ......
 Maximum ...... ...... ...... ......
 Degree ...... ...... ...... ......
 Guilty ...... ...... ...... ......
 Nolo contendere ...... ...... ...... ......
 Nolle prosse ...... ...... ...... ......
 Adjudicated ...... ...... ...... ......
 Adj. withheld ...... ...... ...... ......
The predisposition report was .....received and considered/waived by the child......
The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:
..... Adjudication of delinquency is withheld.
..... The child is adjudicated delinquent and
..... committed to .....a licensed child-caring agency/the Department of Juvenile Justice ..... for placement in.......... risk residentialcommitment program, for an indeterminate period, but no longer than the child's .....19th/21st..... birthday or the maximum term of imprisonment an adult may serve for each count listed above, except that a juvenile will not serve longer than six months in a nonresidential commitment program for a second degree misdemeanor, whichever comes first. The child is allowed..... days credit for time spent in secure detention or incarceration before this date. The child shall be placed in .....home detention care .....with/without..... electronic monitoring/secure detention..... until placement.
..... placed in the serious or habitual juvenile offender program because the child meets the criteria in section 985.31, Florida Statutes. The placement shall be for an indeterminate period but no longer than the maximum sentence allowed by law or the child's 21st birthday, whichever comes first. The child is allowed ..... days credit for time spent in secure detention or incarceration before this date. The child shall be placed on .....home detention .....with/without..... electronic monitoring/secure detention..... until placement.
..... placed in a maximum risk program because the child meets the criteria in section 985.313, Florida Statutes. The placement is for an indeterminate period of time but no longer than the maximum sentence allowed by law or the child's 21st birthday, whichever comes first. The child is allowed ..... days credit for time spent in secure detention or incarceration before *599 this date. The child shall be placed on.....home detention .....with/without..... electronic monitoring/secure detention..... until placement.
..... The court has orally pronounced its reasons for adjudicating and committing this child.
..... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.
..... The child is placed on post-commitment juvenile probation.
..... JUVENILE PROBATION: The child is .....placed on/continued in..... juvenile probation under supervision of.....the Department of Juvenile Justice/..... (name)..... for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.
..... DISMISS: The case is dismissed.
..... Disposition on each count is.....concurrent/consecutive......
..... This case disposition is .....concurrent/consecutive.... with case number...........
GENERAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the following conditions:
1. The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave.....his/her.... residence, school, or place of employment without the consent of .....his/her..... parents and juvenile probation officer.
4. The child shall answer truthfully all questions of .....his/her..... juvenile probation officer and carry out all instructions of the court and juvenile probation officer.
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
SPECIAL CONDITIONS OF JUVENILE PROBATION. The child shall abide by all of the conditions marked below:
..... Restitution is ordered. Parent and child are responsible, ..... jointly and severally.
..... Amount is reserved.
..... $.......... to be paid to.....(name)...... Payments shall begin.....(date)..... and continue at the rate of $.......... each month.
..... The court retains jurisdiction under Chapter 985, Florida Statutes, to enforce its restitution order, regardless of the age of the child.
..... Community Service ..... hours are to be performed by the child at the rate of ..... hours per month. Written proof is to be provided to the juvenile probation officer.
..... A letter of apology to be written by the child to .....(name)..... within..... days. The letter must be a minimum of ..... words.
..... A ..... word essay to be written by the child on .....(subject).... and provided to the juvenile probation officer within 30 days.
..... The child may have no .......... contact with victim(s),.....(name(s))......
..... A .....mental health/substance abuse..... evaluation to be completed by *600 the child within ..... days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment.
..... The parent(s) .....is/are..... to complete counseling in ..........
..... A curfew is set for the child at.......... p.m. Sunday through Thursday and .......... p.m. Friday and Saturday.
..... The child's driver's license is.....suspended/revoked/withheld..... for.....(time period)......
..... The child is to complete a .....detention/jail/prison.... tour within ...... days.
..... The child will be subject to random urinalysis.
..... The child will be electronically monitored.
..... The child will successfully complete all sanctions of the original juvenile probation order.
..... Other:
........................
..... The child must pay court costs of $......

GUN CHARGES
..... The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
..... The child's driver's license is.....suspended/revoked..... for ... 1/2...... years.
..... The child is to serve .....5/10.... days in the Juvenile Detention Center.

THE COURT FURTHER FINDS AND ORDERS:
..... The child has violated Chapter 794, Florida Statutes (sexual battery) and is ordered to make restitution to the Crimes Compensation Trust Fund under section 960.28(5), Florida Statutes, for the cost of the forensic physical examination.
..... The child .....has been adjudicated delinquent/has entered a plea of no contest/has entered a plea of guilty ..... to an offense under Chapter 794 or 800, sections 782.04, 784.045, 810.02, 812.133, 812.135, Florida Statutes, or any other offense specified in section 943.325, Florida Statutes, and the child is required to submit blood specimens under section 943.325, Florida Statutes.
..... Under section 985.231(1)(b), Florida Statutes:
..... the parent/legal guardian,.....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $5 per day for each day the child is in residential commitment.
..... the parent/legal guardian,.....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, $1 per day for each day the child is on probation, nonresidential commitment, or conditional release.
..... the parent/legal guardian,.....(name)....., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL XXXXX-XXXX, a REDUCED fee of $..... per day for each day the child is in the custody of or supervised by the department. This reduced fee is based on the court's finding:
..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.

*601 ..... of indigency or significant financial hardship. The facts supporting this finding are:.........................
..... The cost of care/supervision fee is WAIVED based on the court's finding:
..... that the parent/legal guardian was the victim of the delinquent act or violation of law for which the child is currently before the court and is cooperating in the investigation of the offense.
..... of indigency or significant financial hardship. The facts supporting this finding are: ........................
..... The parent/guardian,.....(name)....., .....(address)....., shall be liable for .....% of the payment. The parent/guardian, .....(name).....,.....(address)....., shall be liable for.....% of the payment.
The child is placed on notice that the court may modify the conditions of....his/her.... juvenile probation at any time and may revoke the juvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in.....(city)....., .......... County, Florida on .....(date)....., at ..... a.m./p.m.
 ______________________
 Circuit Judge
Copies to: ...................

FORM 8.970. ORDER ON JUDICIAL REVIEW

ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on.....(date)..... for Judicial Review on the report filed by .....the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of.....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., The child
..... .....(Name)....., Attorney/Attorney ad litem for the child
..... .....(Name)....., Other:....................
and the court having considered:
..... Judicial Review Social Study Report filed by the Department;
..... Statement/homestudy filed by the Department;
..... Report of the Guardian Ad Litem;
..... Case plan filed by the Department;
*602 ..... Statement by the Child's Caretaker;
..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
..... Other: ....................
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings, was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/aare resident(s) of the state of Florida.
2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of.....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Other:....................
3. The mother, .....(name).....:
..... did not appear and ..... was..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily..... waived ..... did not waive her right to legal counsel; and
..... was ..... was not determined to qualify as indigent; and
..... was ..... was not appointed an attorney.
4. The father, .....(name).....:
..... did not appear and ..... was.... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;
knowingly, intelligently, and voluntarily..... waived ..... did not waive his right to legal counsel; and
..... was ..... was not determined to qualify as indigent; and
..... was ..... was not appointed an attorney.
COMMENT: Repeat above for each father.
5. The department filed a judicial review report with the court on.....(date)...... This judicial review report..... is ..... is not in compliance with the statutory requirements.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other *603 person in the preparation of the case plan:.....(names of those notified)......
7. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......
8. The mother has not complied with the following tasks in the case plan:.....(list tasks not complied with)......
9. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......
10. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......
11. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......
12. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows:.....(explanation of visitation compliance)......
13. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance).....
14. The mother .... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......
15. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......
16. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......
17. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......
18. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......
COMMENT: Use 19, 20, 21, & 22 if child(ren) is/are not placed in the home of a parent.
..... 19. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......
..... 20. Placement of the minor child(ren) in the care and custody of.....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.
..... 21. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely.....remain .....return home with services and removal of the child(ren) is necessary to protect the child(ren).
..... 22. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)..... Further efforts could not have shortened separation of this family because ....................
COMMENT: Use 23 if child(ren) remain(s) or is/are returned to the parent(s).
..... 23. The child(ren) can safely..... remain with ..... be returned to.....(parent (>'s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ....................
*604 The safety, well-being, and physical, mental, and emotional health of the child(ren) is/ are not endangered by allowing the child(ren) to ..... remain ..... return home.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren),.....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.
2. The judicial review report filed by the department is:
..... not accepted and a continuance was requested.
..... accepted by the court.
3. Other: ....................
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. This court shall retain jurisdiction over this cause to enter any such further orders andas may be deemed necessary for the best interest and welfare of the minor child(ren).
6. This matter is scheduled for Judicial Review on .....(date)..... at..... (time)......
DONE AND ORDERED in...................., Florida, on.....(date)......
 _______________________
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at.....(telephone number)......

PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
______________________

FORM 8.973. ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER

ORDER ON JUDICIAL REVIEW FOR CHILD OVER AGE 17 AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on.....(date). .... for Judicial Review on the report filed by the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
..... .....(Name)....., Child
..... .....(Name)....., Attorney/Attorney ad Litem for the Child
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of.....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
*605 ..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Other:....................
and the court having considered:
..... Judicial Review Social Study Report filed by the Department;
..... If the child has reached the age of 17, written verification that the child:
..... Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;
..... Has been provided with a certified copy of his or her birth certificate;
..... Has a valid Florida drivers license or has been provided with a Florida identification card;
..... Has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;
..... Has received a full accounting if there is a Master Trust for the child;
..... Has been provided with information and training related to budgeting, interviewing, and parenting skills;
..... Has been provided with information related to the Road-to-Independence Scholarship, including applications forms;
..... Has been informed that if he or she is eligible for the Road-to-Independence Scholarship program, he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;
..... Has an open bank account and has been provided with banking skills;
..... Has been provided with information on public assistance and how to apply;
..... Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in;
..... Has been provided with notice of his or her right to petition for the court's continuing jurisdiction for one year after his or her 18th birthday, and with information on how to obtain access to the court; and
..... Has been encouraged to attend all judicial review hearings occurring after his or her 17th birthday.
..... Statement/homestudy filed by the Department;
..... Report of the Guardian Ad Litem;
..... A case plan, dated .........., filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;
..... Statement by the child's caretaker;
..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
..... Other: ....................
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings *606 was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.
2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
..... .....(Name)....., Child
..... .....(Name)....., Attorney/Attorney ad Litem for the Child
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of.....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Other:....................
3. The child has been given the opportunity to address the court with any information relevant to the child's best interests.
4. The mother, .....(name).....:
..... did not appear and ..... was..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily..... waived ..... did not waive her right to legal counsel; and
.....was ..... was not determined to qualify as indigent and
..... was ..... was not appointed an attorney.
5. The father, .....(name).....:
..... did not appear and ..... was..... was not represented by legal counsel;
..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;
knowingly, intelligently, and voluntarily..... waived ..... did not waive his right to legal counsel; and
..... was ..... was not determined to qualify as indigent and..... was ..... was not appointed an attorney.
COMMENT: Repeat above for each father.
6. The department filed a judicial review report with the court on.....(date)...... This judicial review report..... is ..... is not in compliance with the statutory requirements.
7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:..... (names of those notified).....
*607 8. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......
9. The mother has not complied with the following tasks in the case plan:.....(list tasks not complied with)......
10. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......
11. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......
12. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......
13. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows:.....(explanation of visitation compliance)......
14. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......
15. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......
16. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......
17. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......
18. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......
19. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance).....
COMMENT: Use 20, 21, 22 & 23 if child(ren) is/are not placed in the home of a parent.
..... 20. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......
..... 21. Placement of the minor child(ren) in the care and custody of.....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)s best interests and special needs.
..... 22. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).
..... 23. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because
COMMENT: Use 24 if child(ren) remain(s) or is/are returned to the parent(s).
..... 24. The child(ren) can safely..... remain with ..... be returned to.....(parent('s)(s) name(s))..... as long as he/she/they comply(ies) with the following:.................... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered *608 by allowing the child(ren) to..... remain ..... return home.
..... 25. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.
..... 26. The department ..... has..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren),.....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.
2. The judicial review report filed by the department is:
..... not accepted and a continuance was requested.
..... accepted by the court.
3. Other: ....................
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).
..... 6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall first occur.
..... 7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability services have been provided to the youth.
8. This matter is scheduled for Judicial Review on .....(date)..... at.....(time)......
DONE AND ORDERED in...................., Florida, on.....(date)......
 _________________________
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at.....(telephone number)......

PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
=========================

FORM 8.974 PETITION TO EXTEND OR REINSTATE COURT'S JURISDICTION

PETITION TO EXTEND JURISDICTION OR TO REINSTATE JURISDICTION AND TO SCHEDULE HEARING
I, .....(name, address, and date of birth)..... request the court, under section 39.013(2), Florida Statutes to
..... extend jurisdiction, or

*609 ..... reinstate jurisdiction,
and to schedule a hearing in this matter.
1. I am currently or was on my 18th birthday in the legal custody of the Department of Children and Family Services.
2. ..... a. I am requesting that the court review the aftercare support, Road-to-Independence scholarship, transitional support, mental health services, and/or developmental disability services to the extent authorized by law.
..... b. A petition for special immigrant juvenile status has been filed on my behalf and the application will not be granted by the time I reach 18 years of age.
Wherefore, I Request This Court Extend Or Reinstate Jurisdiction In This Case And Schedule A Hearing As Soon As Possible.
 _________________________
 .....(name).....
 .....(address).....
 .....(phone number).....
NOTES
[1] The proposed amendments conform the rules to chapter 2004-362, section 2, Laws of Florida (amending § 39.701(6), Fla. Stat.); chapter 2005-65, section 2, Laws of Florida (amending § 39.407(3), Fla. Stat.); chapter 2005-179, section 1, Laws of Florida (amending § 39.013(2), Fla. Stat.); chapter 2005-245, section 1, Laws of Florida (amending § 39.5075, Fla. Stat.); chapter 2005-263, sections 1, 4, 6, and 7, Laws of Florida (amending §§ 985.03(46), 985.215(2), 985.231(1), & 985.2311(1)(a), Fla. Stat.).
[2] An original and nine paper copies of all comments must be filed with the Court on or before January 17, 2006, with a certificate of service verifying that a copy has been served on the Committee Chair, Alan Abramowitz, 210 N. Palmetto Avenue, Suite 440, Daytona Beach, Florida XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).